UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAND T. WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>N. ALBONICO, et al.,<br><br>Defendants. | No. 2:18-cv-2185-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this action in Lassen County Superior Court against various correctional officials. ECF No. 1 at 3-33. Defendants filed a notice of removal and a request for screening of the complaint. *Id.* at 1-2. However, as discussed below, defendants have not met their burden of establishing federal jurisdiction and the case must be remanded back to the state court.

Under 28 U.S.C. § 1447, the court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." It is defendants' burden to establish that the case falls within this court's jurisdiction. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Defendants have not met that burden here.

28 U.S.C. § 1331 vests federal district courts with jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." And 28 U.S.C. § 1441(a) allows defendants to remove to federal court cases that are within the district courts' jurisdiction.

1

Defendants assert that this court has jurisdiction over the action under § 1331 because the case arises under 42 U.S.C. § 1983 and the U.S. Constitution. ECF No. 1 at 2. Thus, defendants assert, they have properly removed the case under 28 U.S.C. § 1441(a). *Id.* But a review of the complaint fails to reveal any discernible claim under either.

Plaintiff's complaint is sparse. It consists solely of a Judicial Council of California form complaint and some attached exhibits, which are documents related to a prison disciplinary action taken against plaintiff for possession of alcohol and plaintiff's administrative appeal of that discipline. ECF No. 1 at 4-32. Notably, the complaint does not label or even describe the cause of action plaintiff wishes to pursue. Instead, the complaint simply informs that plaintiff wishes to pursue an "unlimited civil case" (i.e., plaintiff seeks over $25,000 in damages) against the named defendants. *Id.* at 4. In the section in which plaintiff was instructed to attach his causes of action, plaintiff has simply attached the disciplinary and appeals documents. He describes his damages as "loss of earned time, falsely charged and found guilty, loss of recreational programs, restricted access to programs." *Id.* at 6. The form complaint contains no reference to § 1983, the U.S. Constitution, or any other federal law.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). Further, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). To support their claim that the case arises under the U.S. Constitution and § 1983, defendants point to a single statement contained in plaintiff's "dissatisfied" response to the denial of his administrative appeal at the second level of review. There, plaintiff wrote that he had requested a witness at his disciplinary hearing and appeal interview and was denied, "which is a violation of my due process[.]" ECF No. 1 at 13. While this single reference to due process in his administrative grievance offers some clue that plaintiff may eventually plead a claim under either the U.S. Constitution or § 1983, his current complaint does not do so. Further, this single reference does not necessarily mean that plaintiff will assert a

2

federal claim in this case. And, as noted, this court must remand if there is any doubt as to the removability of the case. Because the complaint is silent as to what source of law under which plaintiff seeks to hold defendants liable, there is doubt as to whether he asserts a federal claim at all, and the case must be remanded.

Accordingly, it is RECOMMENDED that this action be remanded to the Superior Court of the State of California in and for the County of Lassen, and that the Clerk be directed to terminate any pending motions and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 16, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE